IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

VICKI LYNNE WILLIAMS,

       Plaintiff,

v.                                    Civil Action No.
                                       5:16-CV-848 (DEP)

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,[1]

       Defendant.

---

APPEARANCES:                 OF COUNSEL:

FOR PLAINTIFF:

OLINSKY LAW GROUP         HOWARD D. OLINSKY, ESQ.
300 S. State Street              ALYSSA VAN AUKEN, ESQ.
Suite 420
Syracuse, NY 13202

FOR DEFENDANT:

HON. RICHARD S. HARTUNIAN   MARIA FRAGASSI SANTANGELO, ESQ.
United States Attorney         Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

---

[1]     Carolyn Colvin, the former Acting Commissioner of Security who was named as the defendant in plaintiff's complaint, was recently replaced by Nancy A. Berryhill, who currently serves in that position. Because Carolyn Colvin was sued only in her official capacity, Nancy A. Berryhill has been automatically substituted for Carolyn Colvin as the named defendant. *See* Fed. R. Civ. 25(d).

## ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Acting Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[2] Oral argument was heard in connection with those motions on March 21, 2017, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

---

[2] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1) Defendant's motion for judgment on the pleadings is GRANTED.

2) The Acting Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: March 31, 2017
Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
VICKI LYNNE WILLIAMS,

                        Plaintiff,

vs.                                       5:16-CV-848

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                        Defendant.

------------------------------------------------------x
```

*DECISION* - March 21, 2017

James Hanley Federal Building, Syracuse, New York

HONORABLE DAVID E. PEEBLES

United States Magistrate-Judge, Presiding



A P P E A R A N C E S (by telephone)

For Plaintiff:      OLINSKY LAW GROUP
                    Attorneys at Law
                    300 South State Street
                    Syracuse, New York 13202
                      BY: ALYSSA VAN AUKEN, ESQ.


For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of Regional General Counsel
                    26 Federal Plaza
                    New York, New York 10278
                      BY: PADMA GHATAGE, ESQ.



*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

1    THE COURT: So I have before me a request for
2 judicial review of an adverse determination by the
3 Commissioner under Sections 405(g) and 1383(c)(3) of Title 42
4 of the United States Code. The facts of this case are as
5 follows.
6    Plaintiff was born in March of 1965, is currently
7 52 years old. She was 47 years old at the time of the
8 alleged onset of her disability and 49 years old at the time
9 of the administrative hearing in this matter. She has an
10 eleventh grade education. She fell just short of achieving a
11 GED degree. She has some Job Corps training in 1982.
12    She's 5-foot, 9-inches tall and weighs
13 approximately 280 pounds. She is left hand dominant. She
14 lives with her boyfriend and son, Rayshawn, who is 19, or was
15 at the time of the hearing, and attending college. They live
16 in Liverpool. She does not drive and does not have a
17 driver's license. The plaintiff smokes approximately or less
18 than one half pack of cigarettes per day.
19    The plaintiff's work history is somewhat ambiguous
20 and vague from the record. She appears to have had last
21 substantial gainful activity in 2008. In the past she has
22 worked as a cashier and cook, cleaning rooms at a hotel,
23 where she was fired in 2008, and from 2003 to 2007 a health
24 aide involved in elder care. It appears that when she was
25 fired in 2008 she was unable to find new employment, although

1  she did apparently work as a cook at a restaurant, as a
2  manager at a restaurant voluntarily and may have been paid
3  under the table.
4       Plaintiff was involved in a fight in March of 2012
5  and underwent surgery for an ankle fracture.  In March of
6  2012 she experienced an open reduction and internal fixation
7  surgery.  That's at pages 226 and 227 of the Administrative
8  Transcript.  Surgery was performed by Dr. Maria Iannolo.  The
9  plaintiff also has undergone EMG and nerve conduction study
10 in April of 2013 addressing a left fourth and fifth finger
11 issue.  The findings were slightly abnormal and plaintiff was
12 told based on the reports to avoid left elbow flexion.
13      In May of 2013 plaintiff complained of vomiting
14 blood.  There was internal testing.  She has been diagnosed
15 as suffering from GERD and esophagitis.
16      In November of 2013 plaintiff was involved in a
17 motor vehicle accident.  She hit her head, knee and left
18 shoulder.  Since that time she has been treated at Upstate by
19 both Dr. Iannolo and Family Nurse Practitioner Paul Trela.
20 She was diagnosed as suffering from a concussion and she was
21 referred to occupational therapy.
22      She's also complained of ongoing low back pain and
23 she has received treatment at the New York Spine and Wellness
24 Center, although X-rays from November 26, 2013 showed only
25 mild degenerative changes at the L5/S1 region.

1       In terms of daily activities, plaintiff reports
2  that she cleans, does laundry one time per week, she can do
3  dishes, she does some cooking on a limited basis, she does
4  some grocery shopping with an electronic cart, talks on the
5  telephone, reads newspapers and visits her mother.  That's
6  primarily at 47 to 49, and also based on her recitation of
7  daily activities to Dr. Ganesh.
8       Procedurally plaintiff applied for Title XVI
9  supplemental security income benefits on January 16, 2013,
10 alleging an onset date of March 9, 2012.  The hearing was
11 conducted by Administrative Law Judge Gregory Hamel on
12 July 10, 2014.  ALJ Hamel issued a decision on October 14,
13 2014, finding that the plaintiff was not disabled and,
14 therefore, not entitled to the SSI benefits sought.  That
15 became a final determination of the Agency on March 6, 2016,
16 when plaintiff's request for review of that determination was
17 denied by the Social Security Administration Appeals Council.
18      In his decision ALJ Hamel applied the well-known
19 sequential five-step test for determining disability.  At
20 step one he determined that plaintiff had not engaged in
21 substantial gainful activity since January 16, 2013, the date
22 of her application for benefits.  He did note, however, that
23 she has worked as a cook since that time, though without pay
24 or being paid under the table.
25      At step two the Administrative Law Judge concluded

that plaintiff suffers from severe impairments, including left ankle fracture, obesity and a concussion. He rejected, among other things, nausea, GERD, left knee pain, degenerative changes in the lumbar spine, and abnormal nerve conduction.

At step three the ALJ concluded that plaintiff's conditions did not meet or medically equal any of the listed presumptively disabling conditions set forth in the Commissioner's regulations.

The ALJ then surveyed the medical evidence and concluded that plaintiff retains the RFC, or residual functional capacity, to perform light work, except that she can only occasionally climb stairs, balance, stoop, kneel, crouch, and crawl, and cannot climb ladders and similar devices.

Applying that RFC the Administrative Law Judge concluded that the plaintiff at step four cannot perform her past relevant work -- I'm sorry, can perform her past relevant work, at least some of her past relevant work. She is able to perform the jobs of housekeeper and cashier, both as they are actually and generally performed by her, but could not perform as a restaurant manager.

The Administrative Law Judge then went on to conclude that even if the plaintiff were deemed unable to perform light work but could perform sedentary work at step

five, a finding of not disabled would be directed by the Medical-Vocational or Grid Rule 201.18. And considering the testimony of the vocational expert, went on to conclude that even with the existence of any non-exertional impairments that would significantly erode the job base on which the grids were predicated, the plaintiff nonetheless could perform as a food and beverage order clerk, a document preparer, and surveillance system monitor. He, therefore, concluded that she is not disabled within the meaning of the Social Security Act.

As you know, my scope of review is limited. The Court applies a very deferential substantial evidence standard.

The first issue is step two, an impairment, a condition, I should say, is severe for purposes of step two if it significantly limits the ability to perform basic work activities that, among other things, 20 CFR Section 416.921 sets forth that test. It is plaintiff's burden at step two to establish severity.

In terms of the shoulder, the X-rays contained at 311 through 313 of the Administrative Record reflect that the shoulder was negative for acute changes. Dr. Catania in June of 2014 noted that plaintiff has a full range of motion in both shoulders. That's at 313. With regard to the wrist, and I don't understand plaintiff to be arguing the wrist as

1  one of the severe limitations, but Dr. Catania also noted no
2  mention of wrist pain.  In terms of the back, X-rays showed
3  only mild to degenerative changes, X-rays taken after the
4  motor vehicle accident.
5      In any event, the Administrative Law Judge did go
6  beyond step two and performed the balance of the sequential
7  analysis, and so based on *O'Connell versus Colvin*, 558
8  F.App'x 63, any error at that stage is harmless.  And that's
9  particularly true since, as I indicated during oral argument,
10 Judge Hamel went through the objective medical evidence and
11 discussed all of the plaintiff's conditions, not merely those
12 that he found severe at step two.  He did address, for
13 example, the lumbar issue.  So I don't find any reversible
14 error there.
15     In terms of the residual functional capacity
16 finding, of course, it is plaintiff's burden to establish her
17 limitations under *Poupore versus Astrue*, 566 F.3d, 303.  The
18 RFC finding is supported by Dr. Ganesh.  The ability to lift
19 20 pounds occasionally, stand, walk six hours of an
20 eight-hour day is well supported.  I do have some concern
21 that Dr. Ganesh's consultative exam occurred prior to the
22 motor vehicle accident in November of 2013; however, I agree
23 with the Commissioner that the careful reading of the reports
24 of Dr. Israelski, as well as the treatment reports from the
25 various doctors in 2014, do not reflect significant changes

1  in her condition in terms of the back.
2          And so turning to Dr. Israelski, I find that the
3  Administrative Law Judge properly rejected it or declined to
4  give it significant weight. It clearly shows at page 294
5  that the limitations expressed are anticipated to be
6  temporary. It is based on a single one-time exam. And
7  Dr. Ganesh's opinion is contrary and the ALJ was properly
8  within his right to pick and choose between the two
9  consultative exams.
10         With regard to Dr. Iannolo, the report that is at
11 issue merely states the following: "Vicki L. Williams shall
12 remain out of work until further notice and will be
13 permanently disabled." That's at page 335. That is
14 obviously not helpful. It's a matter reserved for the
15 Commissioner and it doesn't give any indication of what
16 functional limitations the plaintiff has that would be work
17 related.
18         In terms of a concussion, there is no evidence in
19 the medical record that I saw, that I reviewed very
20 carefully, that the plaintiff's concussion caused greater
21 limitations than found in the RFC. CT scans, at pages
22 269-274, showed no acute intracranial abnormalities. The FNP
23 Trela showed in January of 2014, at 327-328, an exam that was
24 fairly normal and referred plaintiff to occupational therapy.
25 Four months later in May of 2014 Nurse Practitioner Trela

1  noted that plaintiff was doing much better and making
2  progress.
3          Simply stated, there wasn't any evidence that I saw
4  of any cognitive deficits or memory loss other than
5  plaintiff's naked testimony.
6          Step four it depends on -- the step four
7  determination depends on the RFC finding.  The hypothetical
8  that was posed to the vocational expert at pages 59 and 60
9  approximated the RFC, and again it is plaintiff's burden at
10 step four to demonstrate that she cannot perform her past
11 relevant work.
12         But I note even if plaintiff was limited to
13 sedentary, as per Dr. Israelski's consultative report, it
14 would be harmless error to conclude at step four the
15 plaintiff was able to perform her past relevant work since at
16 step five with the testimony of a vocational expert it became
17 clear that even with an RFC that limited her to sedentary
18 work, there is work in the national economy that she can
19 perform.  So any error at step four would be harmless.
20         So, again, I appreciate your arguments.  This is a
21 close case, but based on my findings that there did not
22 appear to be significant physical change in condition after
23 the plaintiff's motor vehicle accident, I conclude that the
24 Commissioner's determination is supported by substantial
25 evidence, and I will grant judgment on the pleadings to the

1  defendant.

2          Thank you so much to both of you.  Have a good

3  afternoon.

4                  *           *           *

5

6                    C E R T I F I C A T I O N

7

8          I, EILEEN MCDONOUGH, RPR, CRR, Federal Official

9  Realtime Court Reporter, in and for the United States

10 District Court for the Northern District of New York,

11 do hereby certify that pursuant to Section 753, Title 28,

12 United States Code, that the foregoing is a true and correct

13 transcript of the stenographically reported proceedings held

14 in the above-entitled matter and that the transcript page

15 format is in conformance with the regulations of the

16 Judicial Conference of the United States.

17

18

19

20                          _____

21                          EILEEN MCDONOUGH, RPR, CRR
                            Federal Official Court Reporter
22

23

24

25